**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSHUA NEEL HARDIN,**

**Petitioner,**

v.                                                          Case No. 4:17cv281-MW/CAS

**SECRETARY,
DEPARTMENT OF CORRECTIONS,**

**Respondent.**
**_____/**

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On June 6, 2017, Petitioner Joshua Neel Hardin filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.[1] Petitioner challenges his judgment and sentence imposed by the Second Judicial Circuit Court in Leon County, on October 29, 2014. *Id.* On May 14, 2018, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits.[2] ECF No. 28. On July 4, 2018, Petitioner filed a response. ECF No. 37.

---

[1] Petitioner originally filed the petition in the Middle District of Florida and the petition was transferred to this Court on June 27, 2017. ECF No. 1.
[2] Respondent filed this motion for untimeliness after five (5) Motions for Extension of Time to File Response/Reply. *See* ECF Nos. 11, 15, 20, 22, 26.

The matter was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2 (B). After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8 (a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (allowing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **PROCEDURAL HISTORY**

On October 29, 2014, following a jury trial, Petitioner was convicted of two counts: Count I, unlawful use of a computer service, and Count II, unlawful use of a two-way communication device. Ex. A.[3] He was sentenced for Count I only,[4] and received five years in prison, followed by one year of community control, and nine years of sex offender probation. Ex. D at 21.

---

[3] Hereinafter, all citations to the state court record, "Ex.-," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 17.
[4] The state trial court granted a judgment of acquittal as to Count II, due to an issue of double jeopardy. *See* Ex. D at 3; *see also* Ex. E ("Jury verdict of guilty as to both counts. Defense addressed double jeopardy issue after reading of the verdict. Court directed a JOA as to CT 2.").

Case No. 4:17cv281-MW/CAS

On August 20, 2015, Petitioner wrote a letter to the state trial court. Ex. H.  Petitioner asked for his sentence to be reduced to one year in prison because the State originally offered him a plea of one year in a sex offender treatment program.  *Id.*  Petitioner wanted the court to "run the time that [he] served in prison as of 8/16/15 and run it concurrent with the plea that the state offered."  *Id.* at 2.  On September 1, 2015, the state trial court denied Petitioner's request and treated the letter as a motion for the mitigation of his sentence pursuant to Florida Rule of Criminal Procedure 3.800.  Ex. I.

On November 30, 2015, Petitioner filed a motion to vacate his judgment and sentence.  Ex. J.  On January 27, 2016, the state trial court dismissed the motion because (1) it was not under oath and (2) the claims within it were legally insufficient.  Ex. K.  Petitioner was permitted sixty (60) days to file a "properly verified and legally sufficient motion" and "failure to timely amend [would] result in denial of the motion with prejudice."  *Id.*  Petitioner did not file an amended motion until October 17, 2016, 204 days after the period to file an amendment expired.  Ex. U at 30.  On December 2, 2016, the state trial court denied the amended motion as untimely.  *Id.* ("Defendant has failed to show good cause for the extended delay.  The issues described by the Defendant did not prevent him from filing several

other motions in the time period between the expiration of the 60 day period and the date Defendant filed the instant motion…. Therefore the motion is denied."). Petitioner appealed the state trial court's denial of the amended 3.850 motion, which was per curiam affirmed by the First DCA on March 24, 2017.  Ex. W.

In the meantime, on May 16, 2016, Petitioner filed a motion to correct an illegal sentence.  Ex. L at 51.  Petitioner claimed his sentence was illegal because his sentence exceeded the statutory maximum sentence for a third degree felony.  *Id.* at 52-53.  The state trial court denied the motion on June 23, 2016, and directed the Clerk of Court to prepare a corrected judgment to "properly [identify] count 1 as a second-degree felony."  *Id.* at 56.  The court explained the written judgment noted Petitioner's offense as a third-degree felony, but Petitioner had been convicted of a second-degree felony.  *Id.* at 55.  The degree of the conviction was verified by several other documents, including the Information, Jury Verdict form, and scoresheet.  *Id.*

On May 26, 2016, Petitioner filed a petition for writ of habeas corpus seeking a belated appeal.  Ex. M.  On July 6, 2016, Petitioner filed a second petition seeking a belated appeal.  Ex. N.  On July 14, 2016, the First District Court of Appeal (DCA) relinquished jurisdiction to the state trial

court for ninety (90) days and requested the Chief Circuit Judge to appoint a special master as a commissioner of the court to conduct an evidentiary hearing on Petitioner's entitlement to a belated appeal. Ex. O. On September 20, 2016, the state trial court held the evidentiary hearing during which Petitioner and his trial counsel testified. Ex. P at 1-2. The state trial court recommended that the First DCA deny the belated appeal because Petitioner told his trial counsel after being sentenced that he did not want to file an appeal. *Id.* at 21-22; *see* Ex. Q.

On October 19, 2016, the First DCA per curiam denied the petition for belated appeal on the merits. Ex. R. On October 28, 2016, Petitioner filed a motion for rehearing, which was amended on November 17, 2016. Ex. S. On December 6, 2016, the First DCA denied the motion for rehearing. Ex. T.

Thereafter, Petitioner filed many post-conviction motions in the state trial court.[5] Petitioner filed this § 2254 petition on June 6, 2017. ECF No. 1. On September 13, 2017, the state trial court, acting *sua sponte*, found Petitioner's "filing of repetitious and frivolous pleadings [was] an abuse of judicial process" and ordered Petitioner to show why the Court should not

---

[5] The following history is not exhaustive due to the number of post-conviction motions and appeals that Petitioner filed. For a complete record of motions filed after December 2, 2016, *see* Ex. X-GGG.

Case No. 4:17cv281-MW/CAS

prohibit him from filing future pro se pleadings. Ex. NN at 2. On September 28, 2017, the state trial court barred Petitioner from filing any further pro se motions in the case. Ex. PP. Petitioner continued to file pro se post-conviction motions. *See* QQ-GGG. Petitioner was released from custody on January 28, 2018. *See* Ex. FFF ("Following five (5) years in state prison, offender was released from prison to community control on 01/28/18.").

On April 23, 2018, Petitioner's probation officer, Timothy Cottle, filed an affidavit after Petitioner violated the conditions of community control three times between April 9, 2018, and April 22, 2018. Ex. FFF. On May 2, 2018, the state trial court issued a warrant for Petitioner's arrest for violating the conditions of his probation. Ex. GGG.

## ANALYSIS

Petitioner has filed a pro se petition for writ of habeas corpus under Title 28, United States Code, section 2254. ECF No. 1. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period starts on (a) "the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review," (b) the date on which an unconstitutional impediment which prevented the applicant from filing is removed, (c) the date on which a right, if recently recognized by the Supreme Court, is made retroactively applicable to cases on collateral review, or (d) the date on which facts of the claims presented could have been discovered through due diligence. *Id.* When a proper application for post-conviction relief has been filed with the State court, time will be tolled while the claim is pending. *Id.*

Petitioner was sentenced on October 29, 2014, and did not file a direct appeal to the First DCA. Petitioner had thirty (30) days from the written order imposing his sentence to appeal to the First DCA. *See* Fla. R. App. P. 9.140(b)(3). When a prisoner does not appeal the state court judgment, his conviction becomes final when the time for filing a direct appeal expires. *See* 28 U.S.C. § 2244(d)(1)(a); Ex. P at 17 ("But the 30-day window had passed, obviously at that point being June 26th of 2015, it was too late for me to file an appeal on his behalf."). Accordingly, Petitioner's conviction became final when the period to file a direct appeal expired, which was November 28, 2014. Petitioner's AEDPA limitations period began the following day, November 29, 2014, and absent any tolling, Petitioner had until November 30, 2015, to file his federal habeas

Case 4:17-cv-00281-MW-CAS  Document 38  Filed 07/09/18  Page 8 of 13

Page **8** of **13**

corpus petition.[6]  *See* <u>Ferreira v. Sec'y, Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (stating that limitations period ends on anniversary date of triggering event); <u>Downs v. McNeil</u>, 520 F.3d 1311 (11th Cir. 2008) (using anniversary method).

Petitioner's one-year AEDPA limitations period began on November 29, 2014, and ran until August 20, 2015, when Petitioner mailed a letter to the state trial court to request a modification in his sentence.  *See* Ex. H.  The state trial court treated the letter as a motion filed pursuant to Rule 3.800(c).  Ex. I; *see* Fla. R. Crim. P. Rule 3.800.  At this point, 264 days of the AEDPA limitations period had elapsed.  The limitations period continued to toll until September 1, 2015, when the state trial court denied the motion.  Ex. I.

Beginning September 2, 2015, Petitioner's one-year limitations period then ran for another ninety (90) days, until November 30, 2015, when Petitioner filed a motion to vacate his judgment and sentence pursuant to Rule 3.850.  Ex. J at 40.  At this point, Petitioner had eleven (11) days of the federal limitations period remaining to file his § 2254 petition.

---

[6] November 29, 2015, fell on a Sunday, so Petitioner had until Monday, November 30, 2015, to file his federal habeas corpus petition.

Case No. 4:17cv281-MW/CAS

On January 27, 2016, the state trial court dismissed Petitioner's motion as legally insufficient, both on its face and on the merits. Ex. K. Petitioner's 3.850 motion was not made under oath, as required by Florida Rule of Criminal Procedure 3.850(c). *Id.* Petitioner's 3.850 motion was improperly filed, and therefore did not toll the time. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction…is pending shall not be counted toward any period of limitation under this subsection."); *see also* Green v. Sec'y, Dep't of Corr., 877 F.3d 1244, 1248 (11th Cir. 2017) ("This Court has held that a Rule 3.850 motion is not properly filed—and therefore does not toll AEDPA's limitation period—if it does not contain the written oath required by Florida law.").

The state trial court gave Petitioner sixty (60) days to amend his motion for post-conviction relief. *Id.*; *see* Spera v. State, 971 So. 2d 754, 758 (Fla. 2007) ("When a defendant files a facially insufficient claim, the trial court has the discretion to permit an amendment."). Thus, Petitioner had until March 27, 2016, to file a legally sufficient motion. Petitioner did not file an amended 3.850 motion or a request for an extension of time to file an amended motion within this sixty (60) day period, however. *See* Ex.

U at 30. Therefore, Petitioner's one-year limitations period expired 11 days after he filed the insufficient 3.850 motion.

On May 10, 2016, Petitioner filed a 3.800 motion to correct an illegal sentence.  Ex. L.  Petitioner filed this motion fifty (50) days after the sixty (60)-day period to amend the insufficient motion expired.  Assuming *arguendo* that the insufficient 3.850 motion and the subsequent sixty (60)-day amendment period tolled the time, Petitioner's § 2254 petition would still be untimely because Petitioner did not have any motions pending in the state trial court between March 27, 2016, and May 10, 2016.  At this point, even construing the tolling in Petitioner's favor, 404 days had elapsed and the one-year limitations period expired.

Petitioner did not file an amended 3.850 motion until October 17, 2016, which was denied by the state trial court on December 2, 2016.  *See* Ex. U at 3, 30.  Petitioner claimed his amended motion was delayed due to mental illness, being unaware of the law, and a prison transfer.  *Id.* at 30.  The state trial court explained that Petitioner failed to show a good cause for the delay because "[t]he issues described by the Defendant did not prevent him from filing several other motions in the time period between the expiration of the 60-day period and the date Defendant filed the instant motion." *Id.*

Petitioner's untimely amended 3.850 motion did not restart his federal limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (explaining state court habeas petitions cannot revive or restart expired federal limitations period); see also Sykosky v. Crosby, 187 F. App'x 953, 958 (11th Cir. 2006) ("Because Sykosky's Rule 3.850 motion was untimely under state law, it was not "properly filed" for purposes of § 2254(d)(2) and did not toll AEDPA's statute of limitations. [S]ykosky was not entitled to statutory tolling for the time during which his Rule 3.850 motion was pending in state court.").

Petitioner did not have a post-conviction motion pending in the state trial court when the one-year limitations period expired, and Petitioner cannot "resurrect a terminated statute of limitations by subsequently filing documents that purport to 'relate back' to previously submitted documents that were, in themselves, insufficient to toll the statute." See Moore v. Crosby, 321 F.3d 1377,1381 (11th Cir. 2003) ("A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition.").

Therefore, the § 2254 petition filed in this Court on June 6, 2017, is untimely and Respondent's motion to dismiss should be granted.

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24 (a)(3)(A) (providing that before or after notice of appeal is

filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## RECOMMENDATION

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 28, be **GRANTED**, Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED** as untimely, and a certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 9, 2018.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**